

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 18 2011

JULIA C. DUDLEY, CLERK
BY: [signature]
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HENRY LEE CARTER, and<br>GREGORY M. YATES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 3:11CV00030<br>) |
| VIRGINIA STATE BOARD OF<br>ELECTIONS; CHARLES JUDD;<br>KIMBERLY BOWERS; DON PALMER;<br>ROBERT F. MCDONNELL; KENNETH T.<br>CUCCINELLI, II; and WILLIAM "BILL"<br>BOLLING, | )<br>)<br>) Three-Judge Court Requested<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiffs, for their cause of action against Defendants, state and allege as follows:

### PARTIES

1. Plaintiffs are citizens of the United States and residents and qualified voters in the Commonwealth of Virginia.

2. Plaintiff HENRY LEE CARTER resides at 11536 Rapidan Road in Orange, Virginia 22960. Plaintiff CARTER resides in Orange County, Virginia. Plaintiff GREGORY M. YATES resides at 13166 Deer Ridge Road, Culpeper, Virginia. Plaintiff YATES resides in Culpeper County, Virginia.

3. Plaintiffs reside in the 17th Virginia Senate District.

4. Plaintiffs voted in the 2007 elections for members of the Virginia Senate and intend to vote in the 2011 elections for members of the Virginia Senate.

5. Plaintiffs bring this action individually and as representatives of all voters of the Commonwealth of Virginia who are similarly situated, as being currently denied Equal Protection of the Laws, as further alleged herein.

6. Defendants VIRGINIA STATE BOARD OF ELECTIONS is a "bipartisan agency responsible for ensuring uniformity, fairness, accuracy and purity in all elections in the Commonwealth of Virginia." http://www.sbe.virginia.gov/cms/About_Us/Index.html. Defendant VIRGINIA STATE BOARD OF ELECTIONS has responsibility under Virginia law to provide voter registration data to election officials throughout the Commonwealth of Virginia for the conduct of all elections in the Commonwealth, including elections for the Virginia State Senate.

7. Defendants CHARLES JUDD, KIMBERLY BOWERS, and DON PALMER are sued in their respective official capacities as Chairperson, Vice-Chair, and Secretary of the VIRGINIA STATE BOARD OF ELECTIONS.

8. Defendant GOVERNOR ROBERT F. MCDONNELL is sued in his official capacity as Governor of Virginia. Defendant MCDONNELL is the Chief Executive Officer of the Commonwealth of Virginia. *See* Va. Const. Art. V, § 1.

9. Defendant KENNETH T. CUCCINELLI, II is sued in his official capacity as the Attorney General of the Commonwealth of Virginia. Defendant CUCCINELLI is the chief legal officer of the Commonwealth of Virginia. *See* Va. Const. Art. V, § 15.

10. Defendant WILLIAM "BILL" BOLLING is sued in his official capacity as Lieutenant Governor of Virginia and Presiding Officer of the Virginia State Senate.

11. Defendants MCDONNELL, CUCCINELLI and BOLLING have duties under state law to ensure that the Constitution and laws of the Commonwealth of Virginia are faithfully executed, including the right under Article II, Section 6 of the Virginia Constitution, to districts that are "composed of contiguous and compact territory and shall be so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district."

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear Plaintiffs' claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1343(a)(3) & (4), and 28 U.S.C. § 1331. Jurisdiction for Plaintiffs' claim for declaratory relief arises from 28 U.S.C. §§ 2201 and 2202.

13. A three-judge district court is requested pursuant to 28 U.S.C. § 2284(a) ("A district court of three judges shall be convened when . . . an action is filed challenging . . . the apportionment of any statewide legislative body.").

14. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

15. Venue is proper in the Charlottesville Division because Plaintiffs reside in this Division and a substantial part of the events or omissions giving rise to the claim occurred in this Division, which "embraces the counties of Albemarle, Fluvanna, Madison, Greene, Nelson, Rappahannock, Culpeper, Louisa, Orange, and the city of Charlottesville." Local Rule 2(a)(3); *see also* Local Rule 2(b) ("The venue rules for United States district courts contained in the United States Code also apply in determining the proper division in which an action must be filed, so that such venue rules

are construed as if the terms "judicial district" and "district" were replaced with the word "division.").

## FACTS

16. There are forty Virginia Senate districts.

17. Virginia's 17th Senate District contains the following whole counties: Madison, Culpeper, Orange, and Louisa. It also contains portions of Spotsylvania County and the City of Fredericksburg.

18. According to the official 2010 Census data, the population of Virginia is 8,001,024.

19. According to the 2000 Census, the population of Virginia in 2000 was 7,078,515.

20. The population of Virginia rose by 13% between the 2000 Census and the 2010 Census.

21. Using the 2000 Census figures, the ideal Virginia Senate district size was 176,963 people (7,078,515/40).

22. Using the official 2010 Census figures, the ideal Virginia Senate district size is 200,026 people (8,001,024/40).

23. Virginia's 17th Senate District contained 176,700 people according to the 2000 Census –263 people and 0.1% below the ideal district size for the 2001 redistricting.

24. Virginia's 17th Senate District now contains 232,435 people, 32,409 people more than the ideal district size and a 16.2% deviation from the ideal district size.

25. Plaintiffs thus reside in a Virginia Senate district that is malapportioned and dilutes their voting strength.

26. On information and belief, numerous other Virginia Senate districts are malapportioned.

27. The current Virginia Senate redistricting plan (codified in Va. Code Ann. §§ 24.2-303.1 and 24.2-303.02) discriminates against citizens in the most highly populous Virginia Senate Districts, including Plaintiffs, by diluting their votes relative to those of citizens in less populous Virginia Senate districts. The plan is no longer based upon any logical or reasonable formula but is arbitrary and capricious. Virginia has failed to enact a Virginia Senate redistricting plan.

28. In April 2011, the Virginia General Assembly passed a redistricting plan reapportioning the Virginia Senate during the 2011 Legislative Session and sent the bill to Defendant GOVERNOR MCDONNELL. On April 15, 2011, however, Defendant GOVERNOR MCDONNELL vetoed that redistricting bill. Thus, there is no valid constitutional Virginia Senate redistricting plan in effect in Virginia.

29. On information and belief, defendants will conduct the next election for the Virginia Senate during the year 2011 on the basis of the currently codified Virginia Senate districts. Until there is a legislative reapportionment or an order from this Court, defendants will continue to do so in subsequent elections for the Virginia Senate.

30. Defendants' failure to enact and implement a Virginia Senate redistricting plan has violated and is violating the constitutional rights of Plaintiffs to equal protection of the laws.

31. At all times relevant herein, Defendants acted or will act under color of state law.

## CAUSES OF ACTION

32. A redistricting plan in which some legislative districts have a greater population than others discriminates against citizens in the larger districts by diluting those citizens' votes. In essence, such a plan gives each voter in an under-populated district a more "valuable" vote than the votes of voters in over-populated districts. Such malapportionment violates the Equal Protection Clause of the Fourteenth Amendment, as it has been construed by the Supreme Court of the United States in the "one person, one vote" cases. *See, e.g.*, *Reynolds v. Sims*, 377 U.S. 533, 558 (1964).

33. The current Virginia Senate redistricting plan contains districts – including the 17th Senate District, in which Plaintiffs reside – that are over-populated and malapportioned in violation of the Equal Protection Clause. These malapportioned districts deprive Plaintiffs and all other citizens of over-populated districts of the rights guaranteed to them by the Fourteenth Amendment to the United States Constitution.

## ATTORNEYS' FEES

34. In accordance with 42 U.S.C. § 1973l(e) and 1988, Plaintiffs are entitled to recover attorney's fees, expenses, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that:

1. This Court declare, pursuant to 28 U.S.C. § 2201, that the current Virginia Senate redistricting plan (as defined by Va. Code Ann. §24.2-303.01 and Va. Code Ann. §24.2-303.02) has deprived and continues to deprive plaintiffs and all citizens of Virginia who reside in overpopulated districts of the equal protection of the laws in violation of

6

the Fourteenth Amendment to the Constitution of the United States, and that the current Virginia Senate redistricting plan is unconstitutional, unlawful, null, and void.

   2. The Court issue a permanent injunction and judgment barring Defendants from calling, holding, supervising, or certifying any further elections under the current Virginia Senate redistricting plan. Plaintiffs have no adequate remedy at law and will be irreparably harmed by the continued violation of their constitutional rights.

   3. Since state authorities, due to the Governor's veto, have failed to adopt in a timely manner a legal Virginia Senate redistricting plan, the Court order the parties hereto to submit proposed plans for Virginia Senate redistricting for the Court's consideration and that the Court order a new Virginia Senate redistricting plan into effect for the 2011 election cycle that conforms to constitutional and other legal standards.

   4. The Court order defendants to pay plaintiffs, pursuant to 42 U.S.C. § 1988, their reasonable attorney's fees and expenses, expert fees, costs, and other expenses incurred in prosecuting this action.

   5. The Court retain jurisdiction to render any and all further orders that the Court may from time to time deem appropriate.

   6. The Court order such other and future relief as it deems just and proper.

Respectfully submitted,

J. Gerald Hebert
VA Bar No. 38432
191 Somervelle Street, #405
Alexandria, VA 22304
Tel: (703) 628-4673

Paul M. Smith
Michael B. DeSanctis
Eric R. Haren
Jenner & Block LLP
1099 New York Ave., N.W.
Washington, D.C. 20001
Tel: (202) 639-6000