IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HENRY LEE CARTER and<br>GREGORY M. YATES,<br>                             *Plaintiffs,*<br><br>v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS,<br>CHARLES JUDD, KIMBERLY BOWERS,<br>DON PALMER, ROBERT F. MCDONNELL,<br>KENNETH T. CUCCINELLI, II, and<br>BILL BOLLING,<br>                             *Defendants.* | CIVIL ACTION NO. 3:11-CV-00030<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

Plaintiffs filed this action seeking declaratory and injunctive relief arising out of the alleged malapportionment of Virginia Senate districts under the "one person, one vote" standard articulated in *Reynolds v. Sims*, 377 U.S. 533, 558 (1964), claiming that data from the 2010 Census, released on February 3, 2011,[1] show that their votes are "diluted." Plaintiffs request, *inter alia*, the following: a declaration "that the current Senate redistricting plan (as defined by Va. Code Ann. § 24.2-303.01 and Va. Code Ann. § 24.2-303.02) . . . is unconstitutional, unlawful, null, and void"; "a permanent injunction and judgment barring Defendants from calling, holding, supervising, or certifying any further elections under the current Virginia Senate redistricting plan"; and that "the Court order the parties hereto to submit proposed plans for Virginia Senate redistricting for the Court's consideration and that the Court order a new Virginia Senate redistricting plan into effect for the 2011 election cycle. . . ." As the matter is

---

[1] Press Release, United States Census Bureau, "U.S. Census Bureau Delivers Virginia's 2010 Census Population Totals, Including First Look at Race and Hispanic Origin Data for Legislative Redistricting" (Feb. 3, 2011). *See* http://www.census.gov/newsroom/releases/archives/2010_census/cb11-cn16.html.

not ripe for review, it must be dismissed.

Pursuant to 28 U.S.C. § 2284, plaintiffs have requested a three judge panel. A district court consisting of three judges must be empanelled to grant injunctive relief or judgment on the merits in cases challenging the apportionment of any statewide legislative body. 28 U.S.C. §§ 2284(a), 2284(b)(3). "Upon filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit," who must then empanel the court. *Id*. § 2284(b)(1). However, three judges are not required where the complaint "does not state a substantial claim for injunctive relief." *Md. Citizens for a Representative Gen. Assembly v. Governor of Md.*, 429 F.2d 606, 611 (4th Cir. 1970). Where the court lacks jurisdiction, the claim is by definition insubstantial and a single district judge may dismiss the case. *See Ex Parte Poresky*, 290 U.S. 30, 31 (1933) ("the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction."); *Md. Citizens*, 429 F.2d at 611; *Atkins v. Bd. of Educ.*, 418 F.2d 874, 875 n.1 (4th Cir. 1969).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, a district court has a duty to inquire into whether jurisdiction is proper, and to dismiss an action if it is not. *See* Fed. R. Civ. P. 12(h)(3). The ripeness doctrine implicates the jurisdictional "case or controversy" requirement of Article III. *See Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 808 (2003). In determining whether a matter is ripe, the court must "decide whether the issue is substantively definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration." *Bryant Woods Inn, Inc. v. Howard County*, 124 F.3d 597, 602 (4th Cir. 1997) (citing *Abbott*

*Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), *modified on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)). "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006); *see also Texas v. United States*, 523 U.S. 296, 300-01 (1998). Hardship is determined by "the immediacy of the threat and the burden imposed on the petitioner who would be compelled to act under threat of enforcement of the challenged law." *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208-09 (4th Cir. 1992).

As plaintiffs have alleged no immediate harm, and their claims are contingent on future uncertainties, this case is not ripe for review. Although Virginia has not yet enacted a redistricting plan based on the current Census, the Virginia General Assembly has today approved a redistricting plan, which will go to the Governor. Whether the Governor signs the bill, vetoes it, or fails to act on it at all, there are no scheduled Virginia Senate elections until the primary, currently planned for August 23, 2011.[2] Va. Code. § 24.2-515.1. As there is no reason to suspect that Virginia's lawmakers will fail to enact appropriate redistricting legislation in a timely manner, there is no basis for the requested relief. Moreover, as the Constitution leaves states with the primary responsibility for the apportionment of state legislative districts, *Growe v. Emison*, 507 U.S. 25, 24 (1993), it would be repugnant to principles of federalism and the separation of powers to interfere with the General Assembly's or governor's prerogatives now.

Accordingly, the matter will be dismissed without prejudice.[3]

---

[2] According to the State Board of Elections, the General Assembly moved the primary date from June 14, 2011, to August 23, 2011, to provide for the timely completion of the redistricting process and to give candidates reasonable time to file, in light of redistricting.   *See* 2011 November Election Calendar (available at http://www.sbe.virginia.gov/cms/documents/ElecCal/2011NOV_CAL.pdf).

[3] I pause to note that the complaint could be dismissed for failure to state a claim upon which relief can be granted. I further note that, assuming the complaint stated a claim, venue is not proper in this district. Regarding plaintiffs' failure to state a claim, the complaint alleges that the defendants intend to conduct the state senatorial elections within the lines of the expired redistricting plan. This factual allegation does not "raise the right to relief above the

3

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 29th day of April, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

speculative level," and therefore fails to satisfy the "plausibility" standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, assuming the plausibility of the allegation for venue purposes, this matter is "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship," and therefore "may, except as otherwise provided by law, be brought only in" the following districts: "a judicial district where any defendant resides, if all defendants reside in the same State"; "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated"; or "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). It is apparent that the defendants, sued in their official capacities, reside in the Eastern District of Virginia, and venue properly lies in Richmond. And, although the plaintiffs allege that "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district," it is apparent that no part, much less a substantial part, of the events or omissions giving rise to the claim occurred in the Western District of Virginia.